**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

SEDONA CORPORATION,
                    -Plaintiff


            -v-                                    CIVIL 3:07CV00171 (TPS)


OPEN SOLUTIONS, INC.,
                    -Defendant


**RULING AND ORDER**

Pending before the court is the Defendant's Motion to Determine the Sufficiency of the Plaintiff's Answers and Objections to Plaintiff's Requests for Admissions.  (Dkt. #67).  The defendant's motion is **GRANTED** in part and **DENIED** in part.

**I.  Facts**

A brief summary of the relevant facts is as follows.  The plaintiff, Sedona Corporation, a software developer, and the defendant, Open Solutions, Inc., a software provider, entered into a Master Software Licensing Agreement ("agreement") pursuant to which the defendant obtained a license with respect to certain software in exchange for the payment of royalties. (Compl. ¶¶ 7-12).  The plaintiff has brought this action for breach of contract and declaratory relief alleging that the defendant has breached the agreement by failing to pay royalties on sales of computer programs

1

containing the licensed software and components thereof and by improperly disclosing information about the licensed software to third parties.  (Id. ¶¶ 35, 37, 45).  The defendant denies these allegations.  It maintains that, in accordance with the agreement, it modified the licensed software and developed a new product for which it was not required to pay royalties.  (Answer ¶¶ 9-11).  The defendant has asserted counterclaims alleging that the plaintiff breached the agreement by demanding royalties and by disclosing information concerning the agreement to third parties.  (Answer, Counts Three and Four).

## II.  Discussion

Federal Rule of Civil Procedure 36(a) allows the service of requests for admission upon parties to civil actions.  Its purpose is to establish the admission of undisputed facts in order to streamline and expedite litigation.  See Fed. R. Civ. P. 36(a); 7 Moore's Federal Practice, § 36.02 (3d. ed. 2007).  Rule 36(a) provides, in relevant part, that an answer to a request for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance of the requested admission, and when *good faith* requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder."  Fed. R. Civ. P. 36(a)

(emphasis added).    "When  a  request  is  denied,  the  court  must

consider:   (1) whether the denial fairly meets the substance of the

request;  (2)  whether  good  faith  requires  that  the  denial  be

qualified;  and  (3)  whether  any  'qualification'  which  has  been

supplied is a good faith qualification."  Thalheim v. Eberheim, 124

F.R.D.  34,  35  (D.  Conn.  1988).    The  party  opposing  the  request

bears  the  burden  of  demonstrating  why  the  requests  should  be

denied.   Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D.

165, 168 (D. Conn. 2005).

On September 26, 2007, the defendant served the plaintiff with

seventy-eight requests for admission.   The plaintiff served its

responses, with stated objections, on October 26, 2007.  (See dkt.

#67,  Exh.  1).    The  defendant  challenges  the  sufficiency  of  the

plaintiff's responses to sixty-eight of its requests, which it has

grouped into six broad categories set forth below.

## 1.   Requests Relating to the Terms of the Agreement[1]

The defendant asserts that Requests 2-5, 11-56, and 58-59

relate  to  key  terms  of  the  parties'  agreement  and  should  be

answered unambiguously.   (Dkt. #67 at 3-4).   The plaintiff argues

that it could not respond to the requests simply as "admitted" or

"denied" because the requests sought admissions as to selective

---

[1]The parties have not provided the court with a copy of the
agreement in connection with this motion.  In determining the
sufficiency of the responses, the court refers to the agreement
and license schedule that are attached to the plaintiff's motion
to compel pending before the court.  (See dkt. #70; Exh. A).

paraphrases of the agreement which were only partially correct and misleading.  (Dkt. #79, Pl's Mem. in Opp. at 24-25).

After a review of the parties' agreement, the court concludes that Requests 2-5, 11-21, 23-26, 28-32, 34-37, 39-42, 44-47 and 49-51 are capable of being answered with an unqualified, direct response.  "Though qualification may be required where a request contains assertions which are only partially correct, a reviewing court should not permit a responding party to undermine the efficacy of the rule by crediting disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party."   Thalheim, 124 F.R.D. at 35.   Here, the plaintiff's qualified responses are evasive and do not fairly meet the substance of the defendant's requests.

Requests 2 and 4 seek admissions as to the meaning of terms that are defined verbatim in sections 1.6 and 1.11 of the agreement.  Therefore, pursuant to Rule 36(a), the court orders that the plaintiff answer these requests as admitted.

Requests 3 and 5 relate to what the software and documentation referenced in the agreement specifically include.  This is information that is presumably within the plaintiff's knowledge as a party to the agreement and as the software developer.  The plaintiff is therefore ordered to provide unequivocal answers to these requests.

As to the remaining requests, the court disagrees that the

4

plaintiff was compelled to answer as it did because the defendant provided incomplete and misleading paraphrases of the agreement. In stating its requests, the defendant merely parsed section 4.2 of the agreement, thereby simplifying the matters to be admitted.  <u>See</u> <u>Sec. & Exch. Comm'n v. Mirco-Moisture Controls</u>, 21 F.R.D. 164, 166 (S.D.N.Y. 1957) (requests for admission should be simple and direct, and should be limited to singular relevant facts). Presenting the requests in this manner did not alter the terms and conditions set forth in section 4.2 nor was it misleading insofar as the terms and conditions of section 4.2 are dependent on other sections of the agreement.   Specific responses to the above requests can be provided on the basis of section 4.2.   The plaintiff is therefore ordered to serve amended answers to these requests.   With regard to any future filings, both parties are further instructed to reference the relevant provisions of the agreement to which they refer.

The court finds that the remaining responses to the requests identified above satisfy the requirements of Rule 36(a), as the requests have either been denied or answered with a good faith qualification.  <u>See</u> Fed. R. Civ. P. 36(a).

### 2.  **Requests Relating to the Payment of Royalties**

The defendant argues that the plaintiff should be compelled to provide unequivocal answers to Requests 60 and 66, as they relate to information within the plaintiff's knowledge.  (<u>See</u> dkt. #67 at

4).   Request 60 seeks an admission as to whether the defendant disputed the amount claimed to be due in royalty payments under the agreement.   Request 66 seeks an admission as to whether the defendant failed to pay royalties on the licensed software.   The court finds that the plaintiff's responses are sufficient.   As to Request 60, the plaintiff provided a good faith qualification insofar as it denied that it has claimed a specific amount due in royalty payments and admitted that it contends in this litigation that the defendant owes an amount to be determined, which the defendant denies.   As to Request 66, the court further finds that the plaintiff's response that it made reasonable inquiry into the matter but the information known or readily obtainable is insufficient to allow it to admit or deny the request satisfies Rule 36(a).   (See dkt. #67, Exh. 1 at 30, 32).

**3.   Requests Relating to the Confidentiality of Information Exchanged**

The defendant asks the court to determine the sufficiency of the plaintiff's responses to Requests 67 and 68.   (Dkt. #67 at 5). The court finds that the plaintiff has sufficiently responded by denying these requests.

**4.   Requests Relating to the Authenticity of Documents**

The defendant challenges the sufficiency of the plaintiff's responses to Requests 69, 71, 73 and 77.   (Dkt. #67 at 5-6).   The plaintiff adequately responded to these requests by stating that

the information available after reasonable inquiry was insufficient to allow it to admit or deny.  (See dkt. #67, Exh. 1 at 33, 34, 35, 36-37).  The documents identified were copies of contracts to which the plaintiff was not a party and of internet postings obtained from a site that it does not maintain.  The plaintiff therefore lacked any basis for authenticating these documents.

   5.   **Requests Relating to the "Comparability" of Third Party Documents**

   The defendant challenges the plaintiff's responses to Requests 70, 72 and 74.  (Dkt. #67 at 6).  The court finds that the plaintiff adequately responded by denying the requests.

   6.   **Requests Relating to the Plaintiff's Internet Website**

   The defendant challenges the sufficiency of the plaintiff's response to Request 75, relating to the authenticity of a copy of a posting on the plaintiff's website.  (Dkt. #67 at 6-7).  The plaintiff responded that the document "appear[ed] to be a printout of a portion of [its] website."  (Dkt. #67, Exh. 1 at 36).  The plaintiff has represented that it does not maintain archives of its website and, therefore, it cannot authenticate this document which purports to be a record of its website as it existed on February 17, 2007.  (Dkt. #78, Scott Decl. ¶ 12).  The court accepts this representation and finds the plaintiff's response to be sufficient.

   **III.   Conclusion**

   The defendant's motion (dkt. #67) is **GRANTED** in part and

**DENIED** in part.   The plaintiff is ordered to provide responses to Requests 2-5, 11-21, 23-26, 28-32, 34-37, 39-42, 44-47 and 49-51 as stated in this opinion.

**IT IS SO ORDERED.**

   **Dated at Hartford, Connecticut this 18th day of January, 2008.**

**/s/**
_____
**Thomas P. Smith**
**United States Magistrate Judge**
