**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**SEDONA CORPORATION,**
        -Plaintiff


        -v-                                            CIVIL 3:07CV00171 (TPS)

**OPEN SOLUTIONS, INC.,**
        -Defendant


<u>**RULING ON MOTIONS TO COMPEL**</u>

    Pending before the court are the parties' cross-motions to compel discovery. For the reasons set forth below, the plaintiff's motion to compel (dkt. #68) is **GRANTED** in part and **DENIED** in part and the defendant's motion to compel (dkt. #80) is **GRANTED** in part and **DENIED** in part.

**I.    Background**

    This action involves a contract dispute brought pursuant to diversity jurisdiction between the plaintiff/counterclaim defendant, Sedona Corporation, a software developer, and the defendant/counterclaim plaintiff, Open Solutions, Inc., a software provider, over the terms of a licensing agreement. Pursuant to the agreement, the plaintiff obtained a "non-exclusive, perpetual license to copy, use, modify, create derivative works from, embed, market, sublicense, and resell" certain software, known as

1

Intarsia, in exchange for the payment of royalties.  (Dkt. #70, Exh. A ("Agreement") § 2.1; Compl. ¶¶ 7-12).  The software and its documentation are referred to as "licensed products" under the agreement.  (Agreement § 1.11, dkt. #70, Exh. A).  The agreement provided that the plaintiff would retain title to the licensed products, but allowed the defendant to "modify, embed, alter or create derivative works" from the licensed products, thereby creating "licensee enhancements" of which it was the sole and exclusive owner.  (Agreement § 4.2).  The defendant sold the licensed products under the brand name cView in a java platform, paying royalties on those sales.  (Id. ¶¶ 18-19).  Thereafter, the defendant began to sell the cView product in a .net platform ("cView (.net)") and ceased making royalty payments to the plaintiff.  (See id. ¶¶ 20, 28; Answer ¶¶ 9-13).

The plaintiff initiated this action for declaratory relief and breach of contract, contending that cView (.net) is a licensed product for which the payment of royalties is required.  Specifically, the plaintiff argues that cView (.net) is the result of the licensed software having been moved from a java to a .net operating environment.  (Id. ¶¶ 32, 37).  By contrast, the defendant maintains that cView (.net) qualifies as a licensee enhancement, i.e. a new product that it developed through significant modifications of the licensed products.  (Answer ¶¶ 9-13).  As such, the defendant argues, it is not required to pay

2

royalties on its sales of cView (.net) under the agreement. (Id.). The defendant has asserted a counterclaim against the plaintiff for breach of contract as a result of its demand for royalty payments. (Answer, Count Three). Both parties have also asserted claims for breach of contract alleging improper disclosures to third parties. (Compl. ¶¶ 43, 45; Answer, Count Four).

**II. Discussion**

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevance" under Federal Rule of Civil Procedure 26(b)(1) has been construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). The party resisting discovery bears the burden of showing why discovery should be denied. Blakenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

    **A.   Plaintiff's Motion to Compel (Dkt. #68)**

The plaintiff challenges the defendant's responses to requests for the production of documents relating to the development, sales

and marketing of the cView product in both the java and .net operating environments.  The plaintiff further seeks an order compelling the defendant to conduct a broader search for responsive documents.

>    1.   **Requests for production relating to the development of cView (Document Requests Nos. 40, 41, 45, 47, 48, 50)**

The defendant responded to Requests Nos. 40, 41, 47 and 48 by stating that "[t]o the extent discoverable documents exist, are in the [d]efendant's possession, custody and control, and could be located after a diligent investigation of its records in accordance with the search parameters to which the parties are bound, copies are attached."  In response to Requests Nos. 45 and 50, which seek documents and communications not previously requested relating to cView (java) and cView (.net) respectively, the defendant objects, in part, on the ground that this information is already in the plaintiff's possession.  (See dkt. #69; P's Mem. in Supp. at 11-12).

In its motion to compel, the plaintiff argues that the defendant's production in response to its requests has been "staggeringly incomplete."  (Id. at 12).  Specifically, the plaintiff asserts that few records have been produced relating to technical specifications and product development.  (Id. at 12-14). In particular, the plaintiff notes the absence of any communications from the two-year period during which the cView (.net) product was developed and questions the defendant's claim

4

that its limited production is due to the loss and/or deletion of data from the computers of its product manager and its director of software development. (Id. at 13-14).

The defendant responds that it has produced all discoverable documents. (See dkt. #82, D's Mem. in Opp. at 6-11). The defendant explains that it has never possessed many of the documents requested as to the development of cView (.net) because it outsourced the project to a third-party contractor, R Systems, Inc. ("R Systems"). The defendant's product manager has stated in an affidavit that the defendant did not create many documents related to the cView project. (Id., Exh. 1 Nigro Decl. ¶ 4). The defendant further asserts that it has produced those documents that have been provided by R Systems, Inc. (Id. at 6-7). In addition, the defendant argues that many of the requested documents simply do not exist. It submitted a supplemental response explaining the causes of the data losses it suffered and its subsequent unsuccessful efforts to salvage the electronic records. (See dkt. #70, Exh. CC). It has also asserted that it searched the computers and files of its other employees who were principally involved in the cView project and who are listed in its Rule 26(a) disclosures as potentially having discoverable information. (See dkt. #70, Exh. Q, Interrogatory Response 17).

The plaintiff has not offered any evidence that the defendant's responses are untrue or that it is deliberately

5

withholding existing documents.  In the absence of evidence to the contrary, the court must therefore accept the defendant's representation that it has produced all responsive documents.  If it is later determined that documents have been withheld without a proper basis, the plaintiff may seek relief from the court.

The court recognizes that the defendant has asserted that it has produced those documents provided by R Systems relating to the development of cView (.net) in response to Requests Nos. 47, 48 and 50.  The defendant is reminded that it has an obligation to produce responsive documents that are in the possession of R Systems by way of its contract with R Systems, which grants it the exclusive right to materials created by R Systems during or as a result of the development of cView (.net) and the ability to obtain these materials upon request.  (See dkt. #70, Exh. R ¶ 5.1).  This contractual relationship, as the plaintiff argues, places the control of any documents created by R Systems with respect to the cView (.net) project within the defendant.  See Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) ("[a] party controls documents that it has the right, authority, or ability to obtain upon demand."); see also In re Flag Telecom Holdings, Ltd. Sec. Litig., 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("[i]f the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.").  The defendant therefore is

responsible for the production of such documents.  Accordingly, the defendant is directed to produce any responsive documents in the possession of R Systems, or to provide plaintiff's counsel with an affidavit detailing the defendant's attempts to obtain documents from R Systems, when these attempts were made and to whom.

The plaintiff's motion to compel further responses to Requests Nos. 40, 41 and 45 is DENIED.  The plaintiff's motion is GRANTED as to Requests Nos. 47, 48 and 50 to the extent ordered above.

**2. Requests for production relating to the sales and marketing of cView  (Document Requests Nos. 44, 49, 60, 61, 62)**

The defendant responded to Requests Nos. 44, 49, 60 and 61 by stating that it has produced all discoverable documents within its possession.  The plaintiff contends that the defendant has failed to provide meaningful production as it has only produced an uncorroborated chart of its individual sales of the cView products and two internal emails.  (P's Mem. in Supp. at 18-19; dkt. #84, P's Reply at 8).  The defendant responds that the plaintiff's requests for supplemental documents are overly broad, unduly burdensome and seek irrelevant information.  (D's Mem. in Opp. at 13-14).

Specifically, Requests Nos. 44 and 49 seek documents relating to the sale, license and use of cView (java) and (.net), respectively.  The documents requested are relevant to the issue of whether the defendant used commercially reasonable efforts to sell

7

and/or license the licensed products in accordance with the agreement.  Although, as the defendant argues, this claim is not raised in the amended complaint, it is well-established that "discovery is not limited to the issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues."  Oppenheimer, 437 U.S. at 351.  In addition, the documents requested as to cView (.net) are relevant to the plaintiff's determination of damages.  The defendant's production of an uncorroborated chart of its sales does not fulfill its discovery obligations.  Moreover, the defendant has not demonstrated that producing the requested documents would impose an undue burden, particularly in view of the fact that it presumably relied on these same documents in creating the chart of its sales.  The plaintiff's motion to compel Requests Nos. 44 and 49 is therefore GRANTED.

Request No. 60 seeks documents relating to the marketing, advertising and promotion of the cView products.  Request No. 61 seeks documents relating to the defendant's customers for cView (java).  The defendant responded to these requests by stating that it has produced the discoverable documents within its possession and that could be located after a diligent search.  As discussed above, in the absence of evidence to the contrary, this is an adequate response.  The plaintiff's motion to compel with respect to Requests Nos. 60 and 61 is DENIED.

Regarding Request No. 62, which requests documents relating to

the defendant's customers for cView (.net), the defendant objects on the grounds of relevance and the privacy interests of third parties. The defendant has not sustained its burden of demonstrating why the requested discovery should be denied. Information as to the defendant's customers for cView (.net) is relevant to the plaintiff's claim that the sales of cView (.net) are royalty bearing insofar as it may reveal the defendant's marketing strategy with respect to cView (.net) and the defendant's view as to the relationship between the two cView products. Moreover, the parties have stipulated to a protective order that the court finds is adequate to protect the privacy interests of the defendant's customers and the confidentiality of sensitive business information. (See dkt. #52). The plaintiff's motion to compel is GRANTED as to Request No. 62.

### 3. **Search for responsive documents (Interrogatory No. 17)**

The plaintiff argues that the defendant's search for responsive documents was insufficient insofar as it was limited to a search of the computers of seven employees listed in its Rule 26(a) disclosure using five search terms. The plaintiff asserts that a search of other employees' files and other locations may yield responsive documents. The plaintiff seeks an order compelling a broader search in addition to the use of additional search terms and a search of backup tapes for missing electronic records. (P's Mem. in Supp. at 21-26).

9

In response, the defendant represents that it searched the records of its employees who were principally involved with the cView project. It further asserts that it used those search terms that would reasonably lead to responsive documents without also producing volumes of documents unrelated to the cView project. In addition to conducting a computer-based search, the defendant asked the employees to search their electronic and physical records based on their recollection of the project. (D's Mem. in Opp. at 16-19). The defendant's product manager has asserted in an affidavit that the search of these employees' records and files would necessarily encompass any documents that might be found in the records of other employees and that there are no other locations where responsive documents might be located. (Id., Exh. 1 Nigro Decl. ¶¶ 8, 9, 14). Finally, the defendant represents that it has complied with the plaintiff's request that it search the records of other employees who were involved in communications withheld on the basis of privilege. It also maintains that it does not have any backup tapes to search as its attempts to restore the lost data failed. (Id. at 18, 22, Exh. 4 Marsee Decl. ¶¶ 4,6).

The court accepts the defendant's representations that it has conducted a reasonable search for responsive documents and that a broader search would not be practical. (See id., Exh. 3 Cohen Decl. ¶ 3). The court, however, reminds the defendant of its continuing obligation to supplement its production based on the

10

discovery of responsive documents not previously located. The plaintiff may also explore the existence of other responsive documents through depositions. The plaintiff's motion to compel a broader search is DENIED.

### B.  Defendant's Motion to Compel (Dkt. #80)

The defendant challenges the plaintiff's responses to Interrogatories Nos. 5, 6 and 17 and corresponding Requests for Production Nos. 5, 6, and 22.

#### 1.  Interrogatories and Requests for Production Nos. 5 and 6

With regard to Interrogatories and Requests for Production Nos. 5 and 6, the discovery dispute involves whether the defendant is entitled to information concerning the plaintiff's agreements with third parties. Specifically, Interrogatory and Request for Production No. 5 seek information as to agreements entered into by the plaintiff with third parties involving the Intarsia software. Interrogatory and Request for Production No. 6 seek information regarding the drafting and enforcement history of provisions relating to the ownership and modification of its software in both the parties' agreement and similar agreements entered into by the plaintiff.

The plaintiff objects on the grounds that the defendant's requests for information regarding its other license agreements are overly broad, unduly burdensome and irrelevant given that the parties' agreement is a separately negotiated contract. The

plaintiff further argues that these requests seek confidential information from third parties, many of whom are competitors of the defendant.

The court finds that the defendant's discovery requests are appropriately limited to those third-party agreements that either involve the licensed software, Intarsia, or that contain provisions similar to those at issue in the parties' agreement.  Moreover, the requests seek relevant information and are reasonably calculated to lead to the discovery of admissible evidence on the issue of the interpretation of the terms of the parties' agreement.  The parties' dispute in large part centers on whether cView (.net) is considered a licensed product or a licensee enhancement under the agreement.  A principal issue therefore is the usage of these terms and the meaning and intent behind the provisions of the agreement regarding the ownership and modification of the plaintiff's software product.  Under Pennsylvania law, which governs the parties' agreement,[1] extrinsic evidence may be considered to

---

[1] "In diversity cases, federal courts look to the laws of the forum state in deciding issues regarding conflicts of law." Wall v. CSX Transp., Inc., 471 F.3d 410, 415 (2d Cir. 2006).  In this case, the agreement provides that it will be construed in accordance with the laws of the Commonwealth of Pennsylvania. (Dkt. #70, Exh. A, ¶ 13.9).  Under Connecticut law, "parties to a contract are generally allowed to select the law that will govern their contract . . . ." Elgar v. Elgar, 238 Conn. 839, 850-51, 679 A.2d 937 (1996).  As the issue of whether extrinsic evidence may be considered in interpreting a contract is a matter of substantive law, the court will consider the discoverability of third-party contracts in view of Pennsylvania law.

determine the intent of the parties to a contract where the contract language is ambiguous. See e.g., Hutchison v. Sunbeam Coal Corp., 513 Pa. 192, 200, 519 A.2d 385 (1986). Although the issue of ambiguity has not been decided at this point in the litigation, the plaintiff's third-party agreements may be admissible on the issue of ambiguity and therefore are discoverable under the broad scope of Rule 26. Indeed, the plaintiff's third-party agreements could establish a course of dealing or customary practice on the part of the plaintiff that may be relevant to the construction of the terms and provisions of the parties' agreement. See McCormick on Evidence § 198 (6th ed. 2006) ("contracts of a party with third persons may show the party's customary practice and course of dealing and thus supply useful insights into the terms of the present agreement."). Specifically, the third-party agreements may provide information as to the usage of the terms "licensed product" and "licensee enhancement" as well as how modifications of the plaintiff's software have been handled in other licensing arrangements.

The court recognizes that the plaintiff's contracts with third parties contain confidential business information proprietary to entities in competition with the defendant. However, the parties' stipulated protective order allows for the limited disclosure of designated materials to outside counsel and independent experts. (See dkt. #52, ¶ 5(c)). The court finds that the parties'

protective order is sufficient to address the plaintiff's concerns. In addition, the court orders that any third-party agreements filed with the court shall be maintained under seal.

The motion to compel as to Interrogatories and Requests for Production Nos. 5 and 6 is GRANTED.

### 2.  Interrogatory No. 17 and Request for Production No. 22

Interrogatory No. 17 and Request for Production No. 22 seek discovery of communications and documents relating to the plaintiff's fees and expenses incurred in its litigation against the defendant and any agreements to finance the same between the plaintiff and the Chairman of its Board of Directors.  The plaintiff objects, in part, on the ground of relevance.

The defendant argues that the requested information is relevant insofar as the plaintiff may have made representations regarding the allegations and the claims and defenses involved in the litigation during its discussions relating to the financing thereof.  (Dkt. #80, D.'s Mem. in Supp. at 9).  The defendant, however, offers no factual basis for speculating that such representations were made.  Further, the plaintiff's chairman submitted in an affidavit that he did not receive any information with regard to the specifics of the litigation through the financing discussions, primarily because he was familiar with the litigation as chairman.  (Dkt. #88, Vey Decl. ¶¶ 5, 7).  The defendant has therefore failed to establish the relevancy of

14

information regarding the plaintiff's litigation costs or financing.

The motion to compel as to Interrogatory No. 17 and Request for Production No. 22 is DENIED.

Accordingly, the plaintiff's motion to compel (dkt. #68) is **GRANTED** as to Requests Nos. 44, 47, 48, 49, 50 and 62 as indicated above and **DENIED** as to Requests Nos. 40, 41, 45, 60 and 61 and as to the request for a broader search for responsive documents. The defendant's motion to compel (dkt. #80) is **GRANTED** as to Interrogatories and Requests for Production Nos. 5 and 6 and **DENIED** as to Interrogatory No. 17 and Request for Production No. 22.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636 (b) (1) (A); Fed. R. Civ. P. 6 (a), (e) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636 (b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 28th day of March, 2008.**

                                      **/s/ Thomas P. Smith**
                                      **Thomas P. Smith**
                                      **United States Magistrate Judge**